UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GUSTAVO MERCHAN, WILSON MOROCHO,
DIEGO CAJAS, JONATHAN ALEJANDRO ESPINOZA
CAJAS, and PAUL E. CASTRO CORONEL,

                Plaintiffs,                                        ORDER
                                                                     19 CV 3729 (DLI) (LB)
   -against-

MTP PARKING LOT, MTP INVESTMENT GROUP,
MTP OPERATING CORP., and LIC OPERATING 49 LLC,

                Defendants.
-------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiffs bring this case under the Fair Labor Standards Act and the New York Labor Law alleging that defendants failed to pay them minimum wage and overtime, as well as violating their rights under other provisions of the statutes. In this case, as in all civil cases, both parties had an obligation under Rule 26 to produce "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," and to supplement that production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(a)(1)(A)(ii); 26(e)(1)(A). Defendants failed to fulfill their obligations in this case.

       Instead, after the close of discovery and the deposition of defendants' 30(b)(6) designee, defendants' counsel produced 350 pages of plaintiffs' purported payroll records for the first time. Docket Entry 08/06/2021. As this production was made on the eve of a Court conference, at the conference I ordered defendants to show good cause why sanctions should not be imposed under Rule 37(c)(1) for their failure to timely produce these records. Transcript of the 08/05/2021 Conference ("Conf. Trs."), ECF No. 39 at 24–26. The Court warned defendants that they could be precluded from using the records as an appropriate sanction. Id. at 15. Defendants responded to

1

my Order, and plaintiffs filed their opposition. ECF Nos. 35–38. For the reasons discussed below, defendants shall be sanctioned for their violation of the discovery rules, but the Court will not preclude the use of the payroll records at issue in this action.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiffs were employed at different times as parking lot attendants, and one plaintiff as a manager, at defendants' parking lot in Long Island City between 2007 and 2019. Amended Complaint ("Am. Compl."), ECF No. 29. Plaintiffs allege that defendants did not pay them minimum wage, overtime wages, or spread of hours pay, did not provide required wage statements and notices, and retaliated against plaintiffs by terminating them after they complained about their pay. Id. Plaintiffs initiated this case by filing their complaint on June 26, 2019. ECF No. 1. Defendants answered on October 15, 2021, at that time represented by Hang & Associates, PLLC. ECF No. 12. Magistrate Judge Gold held the initial conference in this case on November 5, 2019 and referred the parties to mediation. At the initial conference before Judge Gold the parties represented that they "expect to exchange relevant documents over the next thirty days." ECF No. 14.

The case was reassigned to me on January 8, 2021 and the parties participated in mediation on February 4, 2021, which was unsuccessful. Docket Entries 01/08/2021; 02/04/2021. Following the mediation, defendants' current counsel replaced defendants' counsel of record. ECF No. 29. On May 11, 2021, the Court held a status conference in this case and set July 30, 2021 as the deadline for the parties to complete all discovery. Docket Entry 05/11/2021. Plaintiffs filed an amended complaint adding plaintiff Coronel on May 27, 2021, which defendants answered on June 17, 2021. ECF Nos. 29, 31. Plaintiffs conducted the deposition of defendants' 30(b)(6) witness on July 26, 2021, and on July 27, 2021, defendants filed a motion for an extension of the

discovery deadline, stating that they were in the process of locating additional records, and that plaintiffs' depositions remained outstanding. ECF No. 32. The Court held a conference to address defendants' request at which time defendants' counsel revealed that his firm had produced over 350 pages of payroll records for the first time to plaintiffs on August 3, 2021.[1] Wary of the production of employees' payroll records for the first time several years into the case and after the discovery deadline, the Court ordered defendants to show good cause why these records should not be excluded from the action.

Defendants argue that their failure to produce these records earlier was neither intentional nor in bad faith, but rather was an unfortunate administrative oversight. Defendant's Memorandum of Law in Response to the Court's August 6, 2021 Order to Show Cause ("Memo."), ECF 35 at 3. To explain this oversight, defendants point to (1) the unexpected passing of Robert Ian Sudy on September 5, 2018, defendant Avital's "operating" partner and the general manager of the parking lot where plaintiffs worked; (2) turnover of defendants' office managers, beginning with Monika Olszewsk leaving her position in March 2018; and (3) poor communication between defendants and their prior attorneys. Memo. at 4–9.

According to defendants' submissions, defendant Avital's business partner, Mr. Sudy, maintained the payroll records at his office at 23-02 42nd Road in Long Island City. Affidavit of David Avital ("Avital Aff."), ECF No. 36 ¶¶ 18, 21. Mr. Sudy unexpectedly passed away on September 5, 2018, requiring defendant Avital to take over day-to-day management of defendants' parking lots (he had previously been a silent partner). Id. ¶¶ 1–7. In his affidavit, defendant Avital

---

[1] These payroll records are excel spreadsheets which contain the employees' rate of pay, overtime rate, hours worked, overtime hours worked, gross wages, deductions, and net wages. Avital Aff., ECF 36 ¶¶ 14, 44. These records were created by defendants' office manager who received daily reports from the parking lot managers and then inputted that information to create the spreadsheets. Id. ¶¶ 9–13. It is not clear from the proffered affidavit when and how frequently the "daily reports" were entered by the office manager into the spreadsheets.

3

describes the personal and professional challenges he faced taking over the business. Id. ¶¶ 30–32. Defendant Avital states that he believed that the payroll records at issue had been sent to defendants' original counsel, Hang & Associates, by then-office manager Rachel O'Neil early in this case, on or around August 13, 2019. Id. ¶¶ 34–35. However, he now admits after reviewing defendants' communications with the original counsel that "it is possible that the Excel Spreadsheets were not sent." Id. Immediately following his deposition on July 26, 2021, defendant Avital reviewed defendants' records for the excel spreadsheets, which were then provided to defendants' current counsel, who produced them to plaintiffs. Id. ¶¶ 43–44.

Avital also blames repeated turnover of office managers at the parking lot for his failure to produce these records. From January 2012 to March 29, 2018, defendants' office manager was Monika Olszewsk; from March 2018 to January 2020, defendants' office manager was Rachel O'Neil; from November 13, 2019 to December 14, 2019, defendants' office manager was Chelsea Morries; and from January 14, 2020 to August 18, 2021, defendants' office manager was Kristine Vivar. Id. ¶¶ 26–29. Defendant Avital states in his affidavit that the metadata shows that each spreadsheet was created at the beginning of the relevant year by the office manager at the time (for the relevant time period, either Monika Olszewsk or Rachel O'Neil). Id. ¶¶ 53–59.

Defendants argue that their failure to produce these records should be forgiven in part because plaintiffs never made discovery requests for these or any documents. Conf. Trs. 11:3–6; Memo at 11. Plaintiff's counsel denied this allegation at the conference and stated that they had served discovery requests on defendants. Conf. Trs. At 11:10–12. However, defendants maintain that plaintiffs never served any discovery requests. Memo at 11; Avital Aff. ¶ 46. Plaintiffs now, perhaps tellingly, argue that "[e]ven if the plaintiffs' [sic] never served discovery demands on prior counsel, FRCP 26(a) requires the defendants . . . to make initial disclosures, and these payroll

4

records should have been disclosed at that time." Memorandum of Law in Opposition to Defendants' Order to Show Cause ("Opp'n"), ECF No. 38 at 3. There is enough blame for everyone to share in how this case has been litigated. While not excusing defendants' egregious failure to produce the plaintiffs' payroll records, plaintiffs' counsel should have pursued defendants' information to fulfill their duty to zealously represent their clients. Although it does not excuse them, it is worth noting that defendants voluntarily produced the records and they claim they just discovered them.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires that as part of its initial disclosures, "a party must, without awaiting a discovery request, provide to the other parties . . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). A party must also supplement this initial disclosure if it learns the disclosure is incomplete. Fed. R. Civ. P. 26(e)(1). Should a party fail to so supplement its initial disclosure after discovering new information, Rule 37 states "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Although the language of Rule 37 seems to compel exclusion, the Second Circuit has held that exclusion is not automatic but rather discretionary. Design Strategy v. Davis, 469 F.3d 284, 297 (2d Cir. 2006). Preclusion of evidence is considered a "'drastic remedy which should not be generally applied." Dichiara v. Wright, 06-CV-6123 (KAM)(LB), 2009 WL 1910972 at *1 (E.D.N.Y June 30, 2009) (quoting Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y. 2004)). The Court "does have the discretion to impose other, less drastic sanctions." Design Strategy, 469 F.3d at 298. When

records should have been disclosed at that time." Memorandum of Law in Opposition to Defendants' Order to Show Cause ("Opp'n"), ECF No. 38 at 3. There is enough blame for everyone to share in how this case has been litigated. While not excusing defendants' egregious failure to produce the plaintiffs' payroll records, plaintiffs' counsel should have pursued defendants' information to fulfill their duty to zealously represent their clients. Although it does not excuse them, it is worth noting that defendants voluntarily produced the records and they claim they just discovered them.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires that as part of its initial disclosures, "a party must, without awaiting a discovery request, provide to the other parties . . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). A party must also supplement this initial disclosure if it learns the disclosure is incomplete. Fed. R. Civ. P. 26(e)(1). Should a party fail to so supplement its initial disclosure after discovering new information, Rule 37 states "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Although the language of Rule 37 seems to compel exclusion, the Second Circuit has held that exclusion is not automatic but rather discretionary. Design Strategy v. Davis, 469 F.3d 284, 297 (2d Cir. 2006). Preclusion of evidence is considered a "'drastic remedy which should not be generally applied." Dichiara v. Wright, 06-CV-6123 (KAM)(LB), 2009 WL 1910972 at *1 (E.D.N.Y June 30, 2009) (quoting Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y. 2004)). The Court "does have the discretion to impose other, less drastic sanctions." Design Strategy, 469 F.3d at 298. When

records should have been disclosed at that time." Memorandum of Law in Opposition to Defendants' Order to Show Cause ("Opp'n"), ECF No. 38 at 3. There is enough blame for everyone to share in how this case has been litigated. While not excusing defendants' egregious failure to produce the plaintiffs' payroll records, plaintiffs' counsel should have pursued defendants' information to fulfill their duty to zealously represent their clients. Although it does not excuse them, it is worth noting that defendants voluntarily produced the records and they claim they just discovered them.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires that as part of its initial disclosures, "a party must, without awaiting a discovery request, provide to the other parties . . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). A party must also supplement this initial disclosure if it learns the disclosure is incomplete. Fed. R. Civ. P. 26(e)(1). Should a party fail to so supplement its initial disclosure after discovering new information, Rule 37 states "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Although the language of Rule 37 seems to compel exclusion, the Second Circuit has held that exclusion is not automatic but rather discretionary. Design Strategy v. Davis, 469 F.3d 284, 297 (2d Cir. 2006). Preclusion of evidence is considered a "'drastic remedy which should not be generally applied." Dichiara v. Wright, 06-CV-6123 (KAM)(LB), 2009 WL 1910972 at *1 (E.D.N.Y June 30, 2009) (quoting Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y. 2004)). The Court "does have the discretion to impose other, less drastic sanctions." Design Strategy, 469 F.3d at 298. When

deciding whether to exercise its discretion to preclude evidence, a court should consider four factors: "(1) the party's explanation for the failure to comply with the discovery rules; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance." Lujan v. Cabana Mgmt. Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (citing Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006)). The purpose of Rule 37 sanctions is "(1) to ensure that a party will not benefit from its failure to comply with a court order, (2) to obtain the party's compliance, and (3) to serve as a deterrent." Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc., 14 Civ. 2275 (JGK)(DF), 2016 WL 11271874 at *18 (S.D.N.Y. Nov. 4, 2016) (citations omitted).

A court may also impose monetary sanctions for a party's failure to disclose information as required by Rule 26, or to timely supplement their previous disclosures. Fed. R. Civ. P. 37(c)(1). Monetary sanctions "may be imposed on a party, its counsel, or both." Scantibodies, 2016 WL 11271874 at *37 (citation omitted).

## DISCUSSION

While not specifically admitting a violation of Rule 26, defendants' memorandum acknowledges that the records at issue were known to defendants and should have been produced to plaintiffs as part of their initial disclosures.[2] See generally, Memo. Thus, defendants violated both Rule 26(a) and 26(e). Therefore, the Court turns to consider whether to sanction defendants under Rule 37, and if so, what sanction is appropriate. First, the Court must determine whether

---

[2] Defendants' memorandum repeatedly refers to the production of the records as "belated," and states that defendant Avital believed that excel spreadsheets containing payroll information had been provided by defendants' office manager to defendants' former counsel on or around August 13, 2019. Memo. at 3, 4–5. Plaintiffs point out that Avital's affidavit is contradictory on this second point, claiming both that defendants had previously produced the records to their original counsel, and that they did not know where the records were located. Opp'n at 3; see Avital Aff. ¶¶ 21, 34. Defendants also contradict themselves by claiming that Mr. Avital was questioned about these records during his deposition, while Avital himself states that he first found these records after his deposition. Memo at 15–16; Avital Aff. ¶ 43.

6

defendants' failure to produce the records was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1). If not substantially justified or harmless, the Court considers the factors set forth in Patterson v. Balsamico to determine whether to impose the sanction of preclusion. Lujan, 284 F.R.D. at 70.

Defendants' explanation of how and why they failed to produce these records rings entirely hollow. The events they recount occurred a significant amount of time before the close of discovery. While the untimely passing of defendants' general manager and partner undoubtedly created difficulties for defendants' business, he died in September of 2018, ten months before the complaint in this case was filed, fifteen months before the parties first exchanged 26(a) initial disclosures, and more than two years before the parties' second exchange of disclosures.[3] Avital Aff. ¶ 2. Similarly, defendants point to the resignation of their longtime office manager for their "oversight," but this office manager left defendants' employ in March of 2018, even earlier than the death of the general manager. Id. at ¶ 37. The most recent event defendants proffer to explain their failure to produce these records is the poor communication between defendants and their previous attorneys which led to defendants terminating those attorneys. Memo at 5. Defendants' first attorneys were fired in February 2021, and while defendants' current counsel did not receive the case file from the previous attorneys until April 30, 2021, defendants had plenty of time to produce plaintiffs' payroll records to their counsel, which their new attorneys specifically requested. Memo at 5–7; see Mizrahi Aff. ¶ 6 ("[W]ritten requests for Plaintiffs' payroll records were issued to Defendants via email on: March 16, 2021, May 25, 2021, June 1, 2021, June 11, 2021, June 17, 2021, and July 27, 2021."). Therefore, the Court does not find defendants' failure to provide these records to be substantially, or even slightly, justified.

---

[3] According to the parties Rule 26(f) meeting report filed on April 30, 2021, the parties exchanged Rule 26(a)(1) initial disclosures on both November 1, 2019 and April 28, 2021. ECF No. 27.

Furthermore, defendants' failure to produce these records was not harmless. The records are directly relevant to plaintiffs' claims, and plaintiffs were denied the opportunity to depose defendants' 30(b)(6) witness with the records.[4] Thus, the Court concludes that by failing to produce these payroll records defendants have violated Rule 26. The Court next considers the appropriate sanction to impose.

1. Preclusion

The sanction of preclusion "is designed to prevent one party from 'sandbagging' the other with surprise evidence or witnesses." Dichiara, 2009 WL 1910972 at *1 (citation omitted). The test for whether evidence should be precluded is set forth in Patterson v. Balsamico, where the Second Circuit enumerated four factors for courts to consider. Patterson, 440 F.3d 117; see Lujan, 284 F.R.D. at 70–71 (applying the Patterson factors).

For all of the reasons discussed above, the Court finds that the first factor, the party's explanation for their failure to comply with discovery rules, clearly weighs in favor of preclusion. However, this alone is not dispositive of the issue.

What defendants paid plaintiffs and how many hours plaintiffs worked is central to this case. The excel spreadsheets contain information regarding plaintiffs' regular and overtime rates of pay, hours worked, wages, and deductions. Memo. at 2. Both parties argue that the information contained in the recently produced spreadsheets is favorable to their position. Defendants claim that the spreadsheets show plaintiffs worked fewer hours than they allege, and that defendants paid

---

[4] Plaintiffs and defendant Avital agree on this point, with plaintiffs' opposition stating that the records were not produced until after defendant Avital's deposition as defendants' 30(b)(6) witness, and defendant Avital stating that it was not until after his deposition that he searched for the records. See Opp'n at 7; Avital Aff. ¶ 43. Somewhat inexplicably, defendants contradict this fact by arguing in their Memo that plaintiffs have not suffered prejudice because "they deposed defendants' 30(b)(6) witness regarding the spreadsheets at great length." Memo at 15–16. The Court reviewed the transcript of Mr. Avital's deposition and his only testimony regarding these records was that he believed spreadsheets existed recording plaintiffs' hours, but they were prepared by Mr. Sudy and he did not know where they were located. Deposition Trs. ECF No. 38-2, at 97–99. Thus, Avital did not testify about the contents of the spreadsheets.

them for overtime. Id. at 15. Plaintiffs claim that the records show that defendants paid plaintiffs less than minimum wage. Kichloo Aff. ¶¶ 6, 7. For these reasons the Court finds that the second Patterson factor, the importance of the evidence, weighs against preclusion. See Dichiara, 2009 WL 1910972 at *2 (denying defendants' motion for preclusion in part because the evidence was "of great importance to plaintiff's case").

      The third factor, prejudice to the plaintiffs, weighs in favor of preclusion. However, as the prejudice is slight and can be easily corrected, it is not determinative. Plaintiffs were prejudiced by receiving this evidence after the close of discovery and after their deposition of defendants' 30(b)(6) witness. However, before the deadline, defendants moved to extend discovery. Furthermore, although still untimely, defendants produced this evidence just three days after the close of discovery. This situation is quite different from cases where courts have found preclusion appropriate. Generally, in those cases, either a significant amount of time had passed after the close of discovery, trial was imminent, or both. See Design Strategy, 469 F.3d at 297 (upholding preclusion when discovery had been closed for "one and a half years" and "only a short time [was] left before trial") (quotations omitted); see also Patterson, 440 F.3d at 118 (exclusion of witness testimony proper when witnesses had only been identified "ten days before trial"); Lujan, 284 F.R.D. at 71 (preclusion warranted in part due to the prejudice suffered by plaintiffs who should have received records "more than a year ago"). Although defendants should have produced these records after the November 2019 conference with Judge Gold as contemplated by the Court's entry, ECF No. 14, this case is not close to trial and no dispositive motion schedule has been set. See Scantibodies, 2016 WL 11271874 at *9 n.9, 12, 33–34 (finding preclusion inappropriate where belated documents were produced approximately one month after the close of fact discovery, no summary judgment motion had been filed, and no trial was scheduled).

9

The fourth Patterson factor, the availability of a continuance, also weighs against preclusion for the reasons described above; namely that while discovery was set to close, the parties timely requested an extension of the deadline. Moreover, the case is not near trial nor have the parties begun motion practice.

Some courts in this Circuit have held that having to reopen discovery constitutes prejudice and weighs in favor of preclusion, see, e.g., Lujan, 284 F.R.D. at 71 (citation omitted), Here, however, reopening discovery is an adequate way to cure the prejudice, particularly if the Court shifts the cost of the necessary discovery to defendants. See Dichiara, 2009 WL 1910972 at *2 (reopening discovery to allow defendants to conduct a deposition remedies prejudice and makes preclusion unnecessary, even after a motion for summary judgment had been filed); Engler v. MTD Products Inc., 304 F.R.D. 349, 358 (N.D.N.Y. 2015) ("However, this [prejudice caused by untimely disclosure] appears curable by the reopening of expert discovery."); Scantibodies, 2016 WL 11271874 at *37–38 ("Defendant should be afforded the opportunity to depose witnesses regarding these belatedly produced documents."). Given the timing and importance of the records in this case, the Court concludes that while plaintiff was prejudiced, this prejudice can be remedied by reopening discovery and shifting costs to defendants.

For all of the foregoing reasons, I find that while defendants' failure to produce these documents violates Rule 26, the "harsh sanction" of preclusion is not necessary in this case. See Scantibodies, 2016 WL 11271874 at *34 (denying preclusion in part because of the "strong judicial preference" to resolve cases on the merits, rather than through discovery sanctions) (citing Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996)).

2. <u>Appropriate Sanction</u>

Instead of preclusion, I hereby order defendants to pay plaintiffs' fees and costs previously incurred and to be incurred regarding the necessary depositions relating to the untimely produced evidence. See Fed. R. Civ. P. 37(c)(1)(A); <u>Dichiara</u>, 2009 WL 1910972 at *2 (denying defendants' motion to preclude but requiring plaintiffs to pay the costs of the deposition of their expert who had not been timely disclosed in violation of Rule 26). Plaintiffs shall be allowed to re-depose defendant Avital, and to depose defendants' office managers who created the records, whose testimony will be necessary to authenticate the records. The fees and costs of plaintiffs' initial and subsequent deposition of Avital is appropriately shifted as a sanction to defendants. Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Engler v. MTD Products Inc.</u>, 304 F.R.D. 349, 358 (N.D.N.Y. 2015) ("[a]s plaintiffs offer no substantial justification for this [failure to timely produce evidence], the Court directs that plaintiffs will bear the burden of this expense, which may include expert fees and deposition costs."). Defendants shall also be required to pay to investigate the whereabouts of their prior office managers who created these records, and to pay the costs to serve subpoenas on them if necessary, to have them appear for depositions on dates agreed upon by the parties.[5]

## CONCLUSION

For the foregoing reasons, I find that defendants violated their obligations under Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure by failing to produce the 350 pages of payroll records as part of their initial disclosures, or as a timely supplement to those disclosures. Discovery in this action is hereby reopened. As an appropriate sanction, defendants shall pay plaintiffs' reasonable fees and costs for Avital's initial deposition and for his continued deposition to be scheduled. Moreover, as defendants' office managers allegedly inputted plaintiffs' hours into

---

[5] If they pursue Olszewsk and O'Neil's depositions, plaintiffs shall pay the other costs associated with the depositions of these witnesses.

11

the spreadsheets that have been produced, if plaintiffs pursue Olszewsk and O'Neil's depositions, defendants shall bear the cost of an investigator to locate these former employees and to serve subpoenas on them. The parties shall meet and confer regarding a schedule for the outstanding discovery and shall jointly write to the Court by November 15, 2021. The Court shall hold a telephone status conference on November 17, 2021 at 12:00 p.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 12:00 p.m. The parties are reminded that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 2, 2021
      Brooklyn, New York