UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X Case No.: 19-cv-03729
WILSON MOROCHO, DIEGO CAJAS,
JONATHAN ALEJANDRO ESPINOZA CAJAS,
GUSTAVO MERCHAN, and
PAUL E. CASTRO CORONEL,

                                 *Plaintiffs*    **SECOND AMENDED COMPLAINT**
                                                        **JURY TRIAL DEMANDED**

               -against-

MTP PARKING LOT, MTP INVESTMENT GROUP
MTP OPERATING CORP., and LIC OPERATING
49 LLC.,

                                 *Defendants*
------------------------------------------------------------------------------X

      Plaintiffs WILSON MOROCHO, DIEGO CAJAS, JONATHAN ALEJANDRO ESPINOZA CAJAS, GUSTAVO MERCHAN, and PAUL E. CASTRO CORONEL allege as follows as and for their amended complaint against the defendants:

### NATURE OF THE ACTION

    1. Plaintiffs, WILSON MOROCHO, DIEGO CAJAS, JONATHAN ALEJANDRO ESPINOZA CAJAS, GUSTAVO MERCHAN and PAUL E. CASTRO CORONEL are former employees of the Defendants.

    2. Plaintiff, WILSON MOROCHO ("Morocho") was employed as parking lot attendant at the premises owned by the Defendants, located at 30-15 48th Ave, Long Island City, NY 11101 from 2007 up until his termination on or about March 2019.

    3. Plaintiff, DIEGO CAJAS ("Diego Cajaz") was employed as parking lot attendant at the premises owned by the Defendants, located at 30-15 48th Ave, Long Island City, NY 11101 from 2012 up until his termination on or about March 2019.

1

4. Plaintiff, JONATHAN ALEJANDRO ESPINOZA CAJAS ("Jonathan Cajas") was employed as parking lot attendant at the premises owned by the Defendants, located at 30-15 48th Ave, Long Island City, NY 11101 from 2015 up until his termination on or about May 2019.

5. Plaintiff, GUSTAVO MERCHAN ("Merchan") was employed as parking lot attendant at the garage owned by the Defendants, located at 30-15 48th Ave, Long Island City, NY 11101 from 2007 up until his termination on or about May 2019.

6. Plaintiff, PAUL E. CASTRO CORONEL ("Castro") was employed as a parking lot attendant/manager at a garage owned by Defendants located at 30-15 48th Ave, Long Island City, NY 11101 from 2007 up until his termination on or about May 2019.

7. Plaintiff Castro was reemployed by the defendants on or about September 2019 in a garage owned by the defendants in Brooklyn, New York until March 2020.

8. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

9. Further, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

10. Plaintiffs now brings this action for unpaid wages, and unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants own and operate the parking lot, where the Plaintiffs were employed in this District.

## PARTIES

13. Plaintiff Morocho is an individual residing in the State of New York. At all relevant times, he was employed by the Defendants as a parking lot attendant, as described herein, for approximately twelve (12) years, from 2007-2019.

14. Plaintiff Diego Cajas is an individual residing in the State of New York. At all relevant times, he was employed by the Defendants as a parking lot attendant, as described herein, for approximately seven (7) years, from 2012-2019.

15. Plaintiff Jonathan Cajas is an individual residing in the State of New York. At all relevant times, he was employed by the Defendants as a parking lot attendant, as described herein, for approximately four (4) years, from 2015-2019.

16. Plaintiff Merchan is an individual residing in the State of New York. At all relevant times, he was employed by the Defendants as a parking lot attendant, as described herein, for approximately twelve (12) years, from 2007-2019.

17. Plaintiff Castro is an individual residing in the State of New York. At all relevant times, he was employed by the Defendants as a parking lot attendant/manager, as described herein, for

approximately thirteen (13) years, from 2007-2020, except for the time period between March-Sept 2019.

18. Defendants MTP PARKING LOT, MTP INVESTMENT GROUP, MTP OPERATING CORP., and LIC OPERATING 49 LLC are domestic corporations, licensed to do business in the State of New York, with their principal place of business located at 20 West 46th Street, Ste 600, New York, NY 10036.

19. Defendants MTP PARKING LOT, MTP INVESTMENT GROUP, MTP OPERATING CORP., and LIC OPERATING 49 LLC are collectively referred herein to as "Defendants."

## FACTS

20. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

21. Defendants are an integrated empire of parking lots within the State of New York.

22. Defendants assigned their employees, including the Plaintiffs to work at their various parking lots including the lot located at 30-15 48th Ave, Long Island City, NY 11101.

23. At all relevant times, Defendants employed Plaintiffs as non-exempt parking lot attendants.

24. From on or about 2007- March 2019, Plaintiff Morocho worked an average of 68 hours per week, Monday-Friday from 6:00 am to 6:00 pm and 8:00am to 4:00pm on Saturday.

25. Plaintiff Morocho routinely worked on holidays and was not given any vacation or sick leave.

26. Plaintiff Morocho worked at the Defendants lot at 30-15 48th Ave, Long Island City, NY 11101.

27. From on or about 2012- March 2019, Plaintiff, Diego Cajas worked an average of 68 hours per week, Monday-Friday from 6:00 am to 6:00 pm and 8:00am to 4:00pm on Saturday.

4

28. Plaintiff, Diego Cajas routinely worked on holidays and was not given any vacation or sick leave.

29. Plaintiff, Diego Cajas worked at the Defendants lot at 30-15 48th Ave, Long Island City, NY 11101.

30. From on or about 2015- March 2019, Plaintiff, Jonathan Cajas worked a combination of on-call schedules for the Defendants. For a few weeks he worked 25 hours per week, Monday-Friday from 5:00pm to 10:00pm. The rest of the weeks he worked an average of 68 hours per week, Monday-Friday from 6:00 am to 6:00 pm and 8:00am to 4:00pm on Saturday. More often than not, Plaintiff, Jonathan Cajas worked in excess of 40 hours per week.

31. Plaintiff, Jonathan Cajas routinely worked on holidays and was not given any vacation or sick leave.

32. Plaintiff, Jonathan Cajas worked at the Defendants lot at 30-15 48th Ave, Long Island City, NY 11101, as well other lots owned and operated by the Defendants.

33. From on or about 2007- March 2019, Plaintiff Merchan worked an average of 68 hours per week, Monday-Friday from 6:00 am to 6:00 pm and 8:00am to 4:00pm on Saturday.

34. Plaintiff Merchan routinely worked on holidays and was not given any vacation or sick leave.

35. Plaintiff Merchan worked at the Defendants lot at 30-15 48th Ave, Long Island City, NY 11101.

36. Plaintiff Castro worked at the Defendants lot at 30-15 48th Ave, Long Island City, NY 11101 from September 2007-March 2019. His schedule was M-F 6:00 am to 5:00 pm.

37. Plaintiff Castro was deemed a manager by the defendants but was paid at the same pay rate as the other plaintiffs who were parking lot attendants.

5

38. After his termination in March 2019, plaintiff Castro was asked by David Avital, one of the individual owners of defendants MTP Parking Lot to come back to work for the defendants.

39. Plaintiff Castro agreed and went to work for the defendants in a garage located in Brooklyn, NY in September 2019.

40. Plaintiff Castro worked 48 hours a week in the Brooklyn garage between September 2019-March 2020.

41. Plaintiff Castro was never paid for time worked overtime in either located he worked at for the defendants.

42. Plaintiffs were paid in a combination of cash and check by the Defendants.

43. Plaintiffs were never paid the proper minimum wage for the hours worked while they were employed as parking lot attendants for the Defendants.

44. Plaintiffs were never paid wages for hours worked overtime while they were employed as parking lot attendants for the Defendants.

45. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

46. Plaintiffs were a victim of Defendants' common policy and practices, which violate their rights under the FLSA and New York Labor Law by, inter alia, not paying them the wages they were owed for the hours they worked in excess of 40 hours per week.

47. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

48. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

49. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

50. Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

51. Defendants failed to provide Plaintiffs, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA

1. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

7

2. At all times, relevant to this action, Defendants were the Plaintiffs' employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

3. Defendants had the power to hire and fire Plaintiff controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

4. Defendants, in violation of 29 U.S.C. § 206, failed to pay Plaintiffs, the minimum wage for each hour worked.

5. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION
## NEW YORK STATE MINIMUM WAGE VIOLATION
## NY LABOR LAW §§190 ET SEQ., AND 650 ET SEQ.,

6. Plaintiffs allege and re-allege the paragraphs above.

7. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

8. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to one hundred percent of the total of such under payments found to be due the Plaintiffs.

9. Because of Defendants' willful violation of the NYLL, Plaintiffs are entitled to recover from Defendants, their unpaid minimum wages and an amount equal to one hundred percent of their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FLSA OVERTIME AND RECORD KEEPING VIOLATIONS

10. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

11. At all times, relevant to this action, Defendants were Plaintiffs employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

12. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

13. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

14. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

15. At all relevant times, Defendants willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiffs, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs.

### FOURTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FLSA

16. Plaintiffs allege and re-allege the paragraphs above.

17. Plaintiffs filed a complaint or instituted a proceeding against Defendants within the meaning and scope of Section 215(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)) by complaining to the defendants and defendants' agents for not paying them wages for all hours worked, including overtime.

18. Defendants' behavior towards Plaintiffs, including but not limited to, terminating their employment after they complained about not being fairly compensated for all hours worked, constitutes discrimination in violation of Section 215(a)(3) of the FLSA. 29 U.S.C. §215(a)(3).

19. Due to Defendants' illegal retaliation, Plaintiffs are entitled to legal and equitable relief including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, and additional amounts such as punitive damages, liquidated damages, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

### FIFTH CAUSE OF ACTION
### NEW YORK STATE OVERTIME WAGE VIOLATIONS

20. Plaintiffs allege and re-allege the paragraphs above.

21. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

22. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

23. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages including loss of earnings, in an amount to be established at trial, prejudgment interest and costs, and attorneys' fees, pursuant to N.Y. Labor Law § 663.

### SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF NEW YORK STATE LABOR LAW

24. Plaintiffs allege and re-allege the paragraphs above.

25. Plaintiffs instituted a proceeding against Defendants within the meaning and scope of Section 215 of the NYLL (N.Y. Lab. Law § 215) by complaining to the defendants about not being paid for all the hours worked, including overtime.

26. Defendants behavior towards Plaintiffs, including but not limited to, terminating their employment after they complained about not being fairly compensated for all hours worked constitutes discrimination in violation of Section 215 of the NYLL. N.Y. Lab. Law § 215.

27. Due to Defendants' illegal discrimination and retaliation, Plaintiffs are entitled to all appropriate relief, including, but not limited to, reinstatement, enjoining Defendants from further retaliation, payment of lost and withheld compensation, back-pay, emotional distress damages, additional amounts such as punitive damages, liquidated damages, interest, and reasonable attorneys' fees. N.Y. Lab. Law § 215.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORD KEEPING
## NEW YORK LABOR LAW

28. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

29. New York labor law §195(1) mandates that all employers disclose in writing the manner in which an employee is compensated and the employee's rate of pay, amongst other things.

30. New York labor law §195(3) requires that employers furnish each employee with a statement with every payment of wages, listing, amongst other things, the dates of work covered by the payment of wages, and the rates of pay and the basis thereof.

31. Defendants did not provide such statements to the Plaintiffs with every payment of their wages.

32. Additionally, Plaintiffs pay stubs did not contain, amongst other things, the rate of pay, hours worked per week, as required by New York Labor Law §195.

33. Defendants routinely and customarily violated provisions of the said New York Labor Law by refusing to provide employees with information regarding the terms and conditions of their employment. Said conduct was willful.

34. As a result of the above-referenced violations of New York Labor Law §195, Plaintiff is entitled to recover damages consistent with New York Labor Law §198, including damages for Defendant's willful conduct, in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### SPREAD OF HOURS VIOLATION

35. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

36. Defendants regularly and knowingly required Plaintiffs to be at work in excess of ten (10) hours per day.

37. Defendants knowingly, willfully, and intentionally failed to pay Plaintiffs one extra hour's pay at minimum wage for every day in which the interval between Plaintiffs start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes

38. Because of Defendants willful violation of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours' provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs demand a trial by jury as to all issues in the above matter and respectfully requests that this Court enter judgment against Defendant, as follows:

12

A. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA with respect to all the Plaintiffs;

B. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs compensation, hours, wages, and any deductions or credits taken against wages;

C. Declaring that Defendants' violations of the provisions of the FLSA were willful as to all the Plaintiffs;

D. Awarding Plaintiffs damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

E. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to all the Plaintiffs;

F. Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs compensation, hours, wages and any deductions or credits taken against wages;

G. Declaring that Defendants' violations of the provisions of the NYLL were willful as to all the Plaintiffs;

H. For the First Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

I. For the Second Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

J. For the Third Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

K. For the Fourth Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

L. For the Fifth Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

M. For the Sixth Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

N. For the Seventh Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

O. For the Eighth Cause of Action, awarding Plaintiffs compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

P. Awarding Plaintiff punitive damages;

Q. Awarding Plaintiff their attorney's fees and costs; and,

R. Granting such other and further relief as the Court deems just and proper.

Dated: Forest Hills, NY
January 24, 2022

                                       Respectfully Submitted,
                                       GORDON & GORDON, P.C.

                                       */s/Supriya Kichloo*
                                       Supriya Kichloo, Esq.
                                       *Attorneys for the Plaintiffs,*
                                       108-18 Queens Boulevard, 6th Floor
                                       Forest Hills, NY 11375
                                       Tel: (718) 544-7070
                                       Fax: (718) 544-0994