UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILSON MOROCHO, DIEGO CAJAS, JONATHAN
ALEJANDRO ESPINOZA CAJAS, GUSTAVO
MERCHAN, and PAUL E. CASTRO CORONEL,

                Plaintiffs,                 **ORDER**
      - against -                      **19 CV 3729 (LB)**

MTP PARKING LOT, MTP INVESTMENT GROUP,
MTP OPERATING CORP., AND LIC OPERATING
49 LLC.,

                Defendants.
------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On June 26, 2019, plaintiffs filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA") and provisions of the New York Labor Law ("NYLL") by failing to pay overtime compensation, the minimum wage, and to provide wage statements and notice. ECF No. 1.[1] The Court held a settlement conference on June 2, 2022, and the parties settled the case on the record. The parties now move for Court approval of their proposed settlement agreement. Motion for Settlement Approval, "Mot. Settle." ECF No. 62; Settlement Agreement, "Settle. Agree." ECF No. 62-1. The motion is granted and the parties' proposed settlement is approved as fair and reasonable.[2]

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

---

[1] Plaintiffs filed an amended complaint, ECF No. 29, and a second amended complaint ("SAC"), ECF No. 26.

[2] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 61.

Here, the parties have agreed that defendants shall pay plaintiffs a total settlement amount of $550,000.00. Settle. Agree. ¶ 1. The first installment of $150,000.00 shall be paid in lump sum within one week of the Court's approval of the settlement. Id. ¶ 5. The remaining $400,000.00 shall be paid in 60 monthly installments in the amount of $6,666.66 per month, each due by the first of each month. Id. Defendants shall deliver all checks to plaintiffs' counsel.

In the event that defendants fail to make the scheduled payments to plaintiff as set by this agreement, upon notice and the opportunity to cure, if the breach is not cured, plaintiffs' counsel shall file and enforce the Confession of Judgment for two times the outstanding balance. Settle. Agree. ¶¶ 5(c)-(d); ECF No. 62-2 ("Confession of Judgment") at 2. The Confession of Judgment is executed by David Avital, the principal of defendants MTP Operating Corp. and LIC Operating 498 LLC.[3]

This is a fair and reasonable settlement. The amount each plaintiff shall receive is based on each plaintiff's employment history and the hours each plaintiff worked. Plaintiffs' Affidavit ("Pls' Aff."), ECF No. 62-4. Plaintiff Morocho shall receive $87,048.45; Diego Cajas shall receive $87,048.45; Merchan shall receive $72,540.38; Jonathan Cajas shall receive $61,659.32; and Coronel shall receive $54,405.30. Pls' Aff. ¶ 2. Plaintiffs' counsel shall receive $183,333.33 in fees and $3,964.76 in costs for a total of $187,298.09. Id. ¶ 3. Upon review of plaintiffs' counsel's contemporaneous billing records, the record of the case, the work required to resolve this matter, and the fact that the attorney's fees set forth in the agreement are 1/3 of the total settlement amount, the Court finds that plaintiffs' request for attorney's fees

---

[3] The Settlement Agreement is executed by Jordan Sudy on behalf of all defendants. See Settle. Agree. at 6. The Agreement does not state Mr. Sudy's relationship to the corporate defendants; however, since Mr. Avital, defendants' principal, entered into a binding settlement agreement on the record at the June 2, 2022 conference and Mr. Avital has personally executed the Confession of Judgment, the Court approves the Settlement Agreement. See Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007) (a settlement agreement entered on the record in open court is binding and enforceable).

and costs is reasonable.[4] See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

The Settlement agreement was reached after years of litigation with both sides compromising in order to reach a fair and reasonable resolution. The settlement agreement is appropriately limited to claims asserted against defendants which "were set forth in the Complaint and which arose under The Fair Labor Standards Act; The New York State Labor Law; The New York wage, wage-payment, wage theft and wage-hour laws . . .." Settle. Agree. ¶ 1. Accordingly, the Court approves the settlement agreement. The Clerk of Court shall close the case. The Court retains jurisdiction to enforce the settlement agreement. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 28, 2022
      Brooklyn, New York

---

[4] Plaintiffs' counsel has submitted contemporaneous time records for the Court's consideration. ECF No. 62-3. Mr. Gordon's standard billing rate is $450 per hour and Ms. Kichloo's standard billing rate is $300 per hour. These rates are within the range routinely approved in this district. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).